UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

KEVIN POOLE                                                                 PLAINTIFF

v.                                    CIVIL ACTION NO. 4:21-CV-22-JHM

CABINET FOR HEALTH AND FAMILY SERVICES                DEFENDANT

**MEMORANDUM OPINION**

      This is a *pro se* action initiated by Plaintiff Kevin Poole. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss this action.

**I.**

      Plaintiff initiated this action by filing a "MOTION FOR RESTORATION OF CIVIL RIGHTS" (DN 1). In the caption section of the motion form, he lists as Defendant the "CABINET FOR HEALTH AND FAMILY SERVICES KY" (CHFS). Plaintiff states that he is requesting that the Court issue an order for the "RESTORATION OF CIVIL RIGHTS AND CHFS KY CONTROL OF MY LIFE BE PUT TO AN END."

      Plaintiff then writes as follows:

      1988 FOUND INNOCENT ON BANK ROBBERY CHARGES 2006 FOUND INNOCENT ON THREATENING LIFE OF PRESIDENT CHARGES I HAVE UNDER KY CHFS SINCE SAY DEC. 31 2006 I SAY SINCE EARLY 2001 STATE GUARDIANS JAMES CARRER, JEFF CECIL, CYNTHIA LITTLE, TIM SCHAFFER, KAREN RECTOR, TRINITY HALEY, BRANDON COFFEY, ABIGAIL HILLL, CLIFF EMBRY, ANDREW LAW, [], CARRIE BOLEY AND NOW SUBJECT TO CHANGE JOSH BIDWELL.

      ON DEC. 3d 2020 I APPEARED IN DAVIESS COUNTY DISTRICT COURT BEFORE A JUDGE EXPLAINED MY PLIGHT – I HAD CALLED THE V.A. REGIONAL OFFICIE [] TO REPORT MY CHANGE OF ADDRESS. . . . THE V.A. AGENT TOLD ME MY [CHFS] WORKER WOULD HAVE TO DO THAT THE KY DISTRICT COURT JUDGE FOR DAVIESS COUNTY WHO HANDLES MY V.A. FUNDS FROM THE [CHFS] TO WATHENS

ACCOUNTING SERVICES OWENSBORO KY. . . . MS. SUSIE THERE IS WHO I CHECK MY BANK BALANCE WITH, AND ASK FOR EXTRA MONEY WITH I AM TOLD BY MIDWEST GUARDIANSHIP KY OWENSBORO KY THEY WANT ME TO HAVE A JURY TRIAL WHICH MAKES NO SENSE I AM THE PETITIONER AND CHFS ARE THE RESPONDENT/DEFENDANT. THE BOSS HERE CHRIS BOLEN KEEP RECEIPTS ON HOW THE 400.00 a mo. I get is spent on me. Complaints on [illegible] I have signed 800.00 checks. I have no decent winter coat. The light in my room is always messing up. One of my windows is in need of repair. This Facility . . . which I am in is not meeting my needs. The excuse CHFS gives me for my case being held up is Covid 19. WHO SO EVER THEY ARE want me to have a jury trial EXAMPLE MEDICAL NEEDS NOT BEING I HAVE EYE IMPLANTS no eyeglasses 2018.

## II.

On review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

Although Plaintiff's filing is not a model of clarity, it appears that Plaintiff is asking the Court to become involved in an ongoing state-court proceeding regarding his guardianship.

The *Younger* abstention doctrine counsels a federal court to abstain from adjudicating a matter properly before it in deference to ongoing state proceedings. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the subject of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987) (applying the *Younger* abstention to civil claims).

A district court should abstain under the *Younger* doctrine if three conditions exist: (1) there are state proceedings currently pending; (2) those proceedings involve an important state interest; and (3) the state court can provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

In this case, the first condition for *Younger* abstention is satisfied because Plaintiff himself refers to ongoing state-court guardianship proceedings. As to the second condition, the Commonwealth of Kentucky has declared its strong interest in guardianship matters by granting to its district courts authority over all aspects of guardianship and conservator matters. *See generally* Ky. Rev. Stat. Chapter 387 ("Guardians; Conservators; Curators of Convicts"); Ky. Rev. Stat. § 387.020(1) ("District Courts shall have exclusive jurisdiction for

the appointment and removal of guardians, limited guardians, and conservators for minors, and for the management and settlement of their accounts"); Ky. Rev. Stat. § 387.090(1) (defining District Court's authority to remove a guardian, limited guardian, or conservator).

The third requirement of *Younger* is that the plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his federal claims in the state-court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, there is no indication that any claims asserted by Plaintiff in this federal lawsuit may not be presented in his ongoing state-court action.

Thus, in accordance with the *Younger* abstention doctrine, this Court will not interfere with the administration of Plaintiff's state-court guardianship proceeding. *See, e.g.*, *Fischer v. E. State Hosp.*, No. 2:10-CV-120-HRW, 2011 U.S. Dist. LEXIS 31814 (E.D. Ky. Mar. 25, 2011) (dismissing action under *Younger* where the plaintiff asked the court to intervene in his pending state-court guardianship proceeding to determine that he does not suffer from a mental deficiency).

## IV.

For the foregoing reasons, the Court will dismiss this action without prejudice under the *Younger* abstention doctrine.

Date: May 24, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendant
4414.011

5